IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL A. CARONTE,<br><br>    Plaintiff,<br><br>       v.<br><br>LT. ALBERT CHIUMENTO and<br>LT. DAVID D'AMICO,<br><br>    Defendants. | Civil No. 15-1828 (RMB/KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

THIS MATTER comes before the Court upon the Motion for Summary Judgment by Defendants Lieutenant Albert Chiumento ("Lt. Chiumento") and Lieutenant David D'Amico ("Lt. D'Amico" and together with Lt. Chiumento, the "Defendants") [Docket No. 26], seeking the dismissal of all claims asserted against them by Plaintiff Michael A. Caronte (the "Plaintiff"). For the reasons set forth herein, the Court administratively terminates Defendants' Motion for Summary Judgment, pending further Order of the Court, and orders Plaintiff to file a supplemental submission identifying the causes of action he intends to pursue and against which Defendants he asserts those claims, as well as which causes of action, if any, he concedes.

Plaintiff initiated this action pro se on September 5, 2014 in the Superior Court of New Jersey, Law Division, Camden County

[Docket No. 1-5]. Plaintiff's original Complaint identified only Lt. Chiumento as a defendant and alleges, in its entirety, that Lt. Chiumento arrested Plaintiff on May 3, 2013 and "extra tightened the handcuffs during the arrest and in the processing room and [Plaintiff] suffered with an injury on [his] wrist, M.R.I. verifies I had torn ligaments on my left wrist." Compl. ¶ 1.

On December 5, 2014, Plaintiff, proceeding pro se, filed an Amended Complaint in state court, naming only Lt. D'Amico as a defendant. Am. Compl. [Docket 11-4, Ex. B]. The Amended Complaint alleges as follows:

> Between 5/3/13 – 5/3/14 Lt. David D'Amico/Internal affairs refused to show a line of all the police officers working the day shift so I can identify the two officers who slided [sic] up and down the side of my torso and make it look like I was resisting arrest and the officer on the right side of me who was bald headed flicked his finger on the side of my head calling me a bonehead. Lt. David D'Amico obstructed justice, derelict [sic] of duty, tappering [sic], incompetence = Corruption!

Am. Compl. ¶ 1.

On March 11, 2015, Defendants timely removed the action to federal court on the basis of federal question jurisdiction, construing Plaintiff's pro se allegations as asserting an excessive force claim under 42 U.S.C. § 1983 in violation of the Fourth Amendment to the United States Constitution. Notice of Removal [Docket No. 1].

2

Thereafter, on April 23, 2015, Daniel B. Zonies, Esq. entered a notice of appearance on behalf of Plaintiff [Docket No. 6]. Over three months later, on July 30, 2015, Plaintiff, now represented by counsel, moved to amend the pleadings and add Waterford Township, Waterford Township Police Department, and several John Does as defendants, in addition to Lt. Chiumento and Lt. D'Amico [Docket No. 11]. In the Proposed Amended Complaint, Plaintiff alleges:

> 8. On or about May 3, 2013, plaintiff was wrongfully taken into custody, physically arrested, and searched by defendants without probable cause and without warrant.
>
> 9. On or about May 3, 2013, when plaintiff was complying with Daniel Chiumento's order to get out of his vehicle, he was assaulted and battered by defendants Daniel Chiumento and John Does of the WTPD before, during, and after his arrest. Daniel Chiumento tightened the hand cuff on plaintiff's left wrists [sic] to the maximum such that plaintiff injured his left wrist and continued to tighten the handcuffs on plaintiff's wrist after the arrest in the processing room of the WTPD.
>
> 10. After the arrest on or about May 3, 2013, David D'Amico violated plaintiff's due process and civil rights when he refused to show a line of all the police officers working the day shift so that the plaintiff could identify the two officers who rubbed the plaintiff's torso up and down and made it appear as if the plaintiff was resisting arrest. The officer standing on the right side of the plaintiff flicked his finger on the side of plaintiff's head calling plaintiff a "bone head."

Proposed Am. Compl. ¶¶ 8-10. The Proposed Second Amended Complaint then sets forth two counts. In Count I, Plaintiff appears to assert an assault and battery claim against all named defendants. Generously read, Count II seems to set forth claims

3

under 42 U.S.C. § 1983 for excessive force, false arrest and imprisonment, and procedural due process violations against all named defendants.

On January 22, 2016, Magistrate Judge Williams denied Plaintiff's motion to amend, finding that the amendment would be futile as time-barred against the newly added defendants [Docket No. 20].[1]  Magistrate Judge Williams, however, recognized that Plaintiff, now represented by counsel, may have wished "to amend his pleading as to the existing Defendants to replace same with a more streamlined pleading since the previously filed pleading was filed when Plaintiff was acting pro se."  Jan. 22, 2016 Order at 6.  As a result, Plaintiff was permitted to file an amended complaint, if he secured Defendants' consent, or, alternatively, to file a renewed motion to amend.  Plaintiff did neither.  As a result, the operative pleadings in this action appear to be some combination of the original pro se Complaint against Lt. Chiumento only and the pro se Amended Complaint against Lt. D'Amico only.

---

[1] Remarkably, Plaintiff's counsel certified that he filed an entry of appearance and an amended complaint in state court on March 12, 2015, the day after the case had been removed to federal court.  Zonies Cert. ¶ 5 [Docket No. 11-2].  As Magistrate Judge Williams noted, however, the state court docket does not corroborate counsel's certification [Docket No. 12-5].

Subsequently, on October 19, 2016, Defendants moved for summary judgment on all claims asserted against them by Plaintiff [Docket No. 26]. Defendants set forth several arguments in support of their motion, including that the undisputed evidence establishes that Defendants acted lawfully and with probable cause. Defendants also argue that they are immune from suit on the basis of qualified immunity, good faith immunity pursuant to N.J.S.A. 59:3-3, and immunity pursuant to N.J.S.A. 59:3-2(b). Additionally, Defendants argue that Plaintiff cannot satisfy the damages threshold required by the New Jersey Tort Claims Act, pursuant to N.J.S.A. 59:9-2(d). Among other arguments, Defendants also contend that Plaintiff's claims are barred by the Heck doctrine, as Plaintiff pled guilty to and was convicted of violating the Waterford Township municipal ordinance of peace and good order § 195-1. Defendants' brief is thirty pages long and is accompanied by a 155-paragraph statement of material facts, submitted pursuant to District of New Jersey Local Civil Rule 56.1.

In response, Plaintiff submitted a half-page "letter brief" [Docket No. 28], stating that "there exists a genuine issue of material fact as to whether plaintiff suffered unlawful arrest, false imprisonment, and was subjected to excessive force in violation of his Fourth Amendment rights under the United States Constitution." Plaintiff also claimed that "defendants' motion

5

for summary judgment relies on documents that are hearsay, as a proper foundation has not been established." Id.

Plaintiff's opposition was patently deficient and did not comply with the Federal Rules of Civil Procedure or the Local Civil Rules. As a result, this Court ordered Plaintiff to submit an opposition brief and responsive statement of material facts, in compliance with Federal Rule of Civil Procedure 56(c) and Local Civil Rule 56.1(a) [Docket No. 29].

In response, Plaintiff submitted an opposition brief and a response to Defendants' statement of material facts [Docket No. 30], which remain unquestionably and woefully inadequate. First, Plaintiff's brief is only two pages long. More importantly, it does not address the vast majority of Defendants' arguments. Indeed, it does not even mention Lt. D'Amico. Instead, Plaintiff, once again, baldly argues that there are genuine disputes of material fact as to whether Plaintiff suffered unlawful arrest, false imprisonment, and excessive force, and that Defendants rely upon hearsay in their statement of material facts. Additionally, Plaintiff admits 137 of the 155 paragraphs set forth in Defendants' statement of material facts. Plaintiff objects to the remaining 18 paragraphs on the basis of hearsay. Pl. Response to Defs. SOMF ¶¶ 37-46, 49-54, 120, 123 [Docket No. 30].

6

As a preliminary matter, the Court notes that, even assuming that the disputed factual statements are hearsay as currently presented, the Court may consider them in resolving Defendants' motion. "[T]he rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are <u>capable of being admissible at trial</u>." <u>Fraternal Order of Police, Lodge 1 v. City of Camden</u>, 842 F.3d 231, 238 (3d Cir. 2016) (emphasis in original) (quoting <u>Stelwagon Mfg. Co. v. Tarmac Roofing Sys.</u>, 63 F.3d 1267, 1275 n. 17 (3d Cir. 1995)). The proponent of the disputed evidence "need only 'explain the admissible form that is anticipated.'" <u>Id.</u> (quoting Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment). Here, Defendants have identified the declarants of the purported hearsay statements and noted their availability to testify at trial. Defendants have also identified relevant hearsay exceptions that may apply to this evidence. Defendants have sufficiently established that the evidence set forth in their statement of material facts is capable of being admissible at trial. Thus, the Court may properly consider such evidence in resolving the motion for summary judgment.

At this juncture, however, the Court is unable to resolve the instant motion in light of the deficiencies and ambiguities in Plaintiff's submissions. The Court cannot determine which claims are properly pending against which Defendants or which

7

claims Plaintiff wishes to defend against summary judgment.[2]  As Plaintiff's opposition brief does not even mention Lt. D'Amico, it is unclear whether Plaintiff seeks to pursue any claims against him or whether Plaintiff has conceded all claims against him.  Moreover, Plaintiff has not even acknowledged, let alone substantively responded to, Defendants' myriad arguments in support of their motion for summary judgment, many of which appear to have merit.  For example, Plaintiff has not addressed qualified immunity, the Heck doctrine, immunity under N.J.S.A. 59:3-2(b) and N.J.S.A. 59:3-3, or the tort claims threshold set forth in N.J.S.A. 59:9-2(d).

This Court will not devote its limited time and resources to resolving claims that may not be properly before it in the first instance or may have already been conceded by Plaintiff. Likewise, the Court cannot properly and effectively address Defendants' numerous arguments without the benefit of a response from Plaintiff.  This Court cannot be required to guess how Plaintiff would respond to Defendants' arguments or craft defenses on Plaintiff's behalf.  In light of Plaintiff's inadequate briefing, the Court orders Plaintiff to submit

---

[2] It appears that Defendants share the Court's uncertainty. See Defs. MSJ at 1 ("Because the Complaint [] and the Amended Complaint [] are pro se filings, Moving Defendants will also address the claims made in the proposed Third Amended Complaint out of an abundance of caution . . . .").

8

supplemental briefing.  Plaintiff shall submit a letter identifying the causes of action properly pending before this Court and against which particular Defendant(s) those causes of action are asserted.  The letter shall also identify which of those causes of action he intends to defend against summary judgment and which causes of action, if any, he concedes.  The Court may then require the parties to submit supplemental briefing in light of Plaintiff's response.  Defendants' motion for summary judgment is administratively terminated pending the completion of all supplemental briefing and further Order of the Court.  Any failure by Plaintiff to abide by this Court's Orders will be deemed by this Court to be a failure to prosecute and will subject the action to dismissal in its entirety.

ACCORDINGLY, IT IS HEREBY, on this **17th** day of **May 2017**,

**ORDERED** that, **on or before May 30, 2017**, Plaintiff shall file a letter specifically identifying (1) the causes of action properly pending before this Court and against which particular Defendant(s) those causes of action are asserted; (2) the causes of action Plaintiff intends to defend against summary judgment; (3) the causes of action, if any, that have been conceded by Plaintiff; and (4) the Defendant(s), if any, who should be dismissed in light of those concessions; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 26] is **ADMINISTRATIVELY TERMINATED** pending the completion of supplemental briefing and further Order of the Court.

<pre>
                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE
</pre>