IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL A. CARONTE,<br><br>    Plaintiff,<br><br>        v.<br><br>LT. DANIEL CHIUMENTO and<br>LT. DAVID D'AMICO,<br><br>    Defendants. | Civil No. 15-1828 (RMB/KMW)<br><br>**OPINION** |

APPEARANCES:

DANIEL B. ZONIES, ESQ.
1011 Evesham Road, Suite A
Voorhees, New Jersey 08043
    *Attorney for Plaintiff*

REYNOLDS & HORN, P.C.
By: Thomas B. Reynolds, Esq.
750 Route 73 South, Suite 202A
Marlton, New Jersey 08053
    *Attorney for Defendants*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This § 1983 suit arises out of Plaintiff Michael Caronte's arrest for obstruction of justice and resisting arrest following a high speed vehicle chase.[1] Defendants, police officers Lieutenant Daniel Chiumento and Lieutenant David D'Amico, sued in their individual capacities, move for summary judgment. Caronte has

---

    [1] The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

filed no opposition to the motion.[2] For the reasons stated herein, the motion will be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the evening of May 3, 2013, Plaintiff Caronte, while driving his four door black Ford Taurus, cut-off another driver who happened to be an off-duty police officer. (Defendants' Statement of Material Facts[3], "SMF," ¶ 1) The situation quickly escalated into a "road rage incident," (Id.) involving the other driver repeatedly honking his horn and Caronte "giv[ing] the middle finger [] numerous times to the driver." (Id. ¶ 3).

---

[2] Discovery was closed on September 30, 2016. (Dkt No. 24) The instant "Second Motion for Summary Judgment" was filed on July 31, 2017. The Court administratively terminated Defendants' first motion for summary judgment upon the Court's determination that "Plaintiff's opposition [to the first motion] was patently deficient and did not comply with the Federal Rules of Civil Procedure or the Local Rules." (Dkt. No. 32, p. 6)

After administratively terminating the first motion for summary judgment, the Court attempted to hold a telephonic status conference with the parties to facilitate and streamline the new round of briefing on the anticipated second motion for summary judgment. (Dkt No. 36) Plaintiff's counsel failed to appear for that conference. (Dkt No. 37) A rescheduled telephone conference was held on June 29, 2017, with counsel for both sides appearing. (Dkt No. 41) Based upon the parties' discussion during the telephone conference, and with the agreement of the parties, the Court directed that a more focused Motion for Summary Judgment be filed. The instant Second Motion for Summary Judgment is the result of the June 29th telephone conference. Thus, Plaintiff was aware that a Second Motion for Summary Judgment would be filed, yet Plaintiff did not file opposition.

[3] Defendants' Statement of Material Facts has not been opposed because Caronte has filed no opposition at all to the instant motion. Accordingly, facts contained in the Statement of Material Facts are "deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1(a).

On-duty police officers were dispatched and "Plaintiff was reported to be eluding law enforcement personnel from at least the time period between 5:24 p.m. and 5:35 p.m." (Id. ¶ 2) Plaintiff was driving dangerously through Berlin Township and Borough and Waterford Township; "traveling in excess of 75 miles per hour" "throughout numerous highways, intersections, and streets," cutting off two vehicles, and "blowing a stop sign." (Id.) Plaintiff eventually stopped in a parking lot in Waterford Township whereupon his "vehicle was surrounded by five to six marked patrol police vehicles." (Id. ¶ 3)

Defendant Chiumento "approached, on foot, the Plaintiff's vehicle, and attempted to calm down Plaintiff Caronte . . . but Plaintiff Caronte was yelling and irate." (SMF ¶ 4) Caronte refused Chiumento's "commands to exit [the] vehicle" "at least two or three [times]" (Id.), stated that he "'doesn't deal with police . . . doesn't like them . . . they are assholes,'" and at one point Chiumento observed Caronte "reaching under his seat." (Id. ¶ 5) Then Chiumento "removed Caronte from his vehicle" and "advised" Chiumento that he "was under arrest for obstruction of the administration of the law." (Id.) Caronte was still noncompliant, attempting "to physically pull away from Lieutenant Chiumento and a brief struggle ensued before Chiumento was able to handcuff Caronte and place Caronte in to the rear of [a patrol car] for transport to the Waterford Township Police Department,

3

where Lieutenant Chiumento issued formal charges against Caronte for obstruction of justice and resisting arrest." (Id. ¶ 6)

Approximately six months later, Caronte met with Defendant D'Amico at the Waterford Township Police Department in order "to file criminal Complaints against Lieutenant Chiumento for harassment and simple assault." (SMF ¶ 8) Caronte also inquired as to the identities of two other officers whom he believed had assaulted him during the arrest. (Id. ¶ 10) Defendant D'Amico stated that neither of the two other officers on duty with Defendant Chiumento at the relevant time were the officers who allegedly assaulted Caronte; D'Amico suggested that the officers may have been from either Berlin, Winslow, or Chesilhurst Departments. (Id.) In January, 2014, a municipal court judge found an absence of probable cause to support the charges against Chiumento and the Complaints were dismissed. (Id. ¶ 8)

On June 21, 2014, Caronte pled guilty to a violation of the "Waterford Township Municipal Ordinance of peace and good order, Section 195-1" in exchange for the dismissal of the criminal charges of obstruction of justice and resisting arrest charges. (SMF ¶ 7 and Defs' Ex. E, Municipal Court Transcript) The Municipal Court imposed a $2000.00 stipulated fine plus costs. (Id.)

The Court assumes, for purposes of this motion only, that the following claims remain in this suit at this time[4]; four claims

---

[4] The tortured procedural history of this case, only a portion of which is discussed here, has created numerous obstacles to reaching a comprehensive decision on the merits of this suit. The parties appear to have assumed that the operative pleading is at least a combination of two separate three-page handwritten pro se form complaints filed in Camden County Superior Court on September 5, 2014 and December 5, 2014 respectively. (Notice of Removal ¶ 1) The first complaint names only Defendant Chiumento as a Defendant and alleges in its entirety, "Lt. Chiumento arrested me on 5/3/13 he extra tightened the handcuffs during the arrest and in the processing room and I suffered with an injury on my wrist, M.R.I. verifies I had a torn ligament on my left wrist." (Dkt No. 1-5) The second complaint (discussed by the Notice of Removal but not actually attached to the Notice itself) names Defendant D'Amico as the sole defendant. That complaint substantively alleges, "Lt. David D'Amico / Internal Affairs refused to show a line of all the police officers working the day shift so I can identify the two officers who [assaulted me during my arrest]. Lt. David D'Amico obstructed justice, dereliction of duty, tappering [sic], incompetence = Corruption!" (Dkt No. 11-4) Rather than treating the second complaint as superseding the first, the parties, and this Court, have treated the second complaint as adding an additional claim and defendant to the original complaint filed against Defendant Chiumento.

The Notice of Removal was filed in this Court on March 11, 2015. The next day, Caronte's counsel entered an appearance in Superior Court and simultaneously filed a "Third Amended Complaint" in Superior Court. (Dkt No. 11-4, p. 12, 14-17) That pleading appears to combine the factual allegations of the previous two pro se complaints into one, more legible, typed document, and adds new legal theories of recovery, including false arrest and false imprisonment pursuant to § 1983. (Id.)

More than four months after the case was removed, Plaintiff filed in this Court, a "Motion to Amend / Correct Pleading and Add New Parties." (Dkt No. 11) That motion was denied, but Plaintiff was granted leave to file a motion to amend the pleadings as to the existing Defendants Chiumento and D'Amico. (Dkt No. 20) Plaintiff never filed another motion to amend. Thus, there is a colorable argument that, at the very least, the § 1983 false arrest and false imprisonment claims are not actually in this case. However, even if those claims are properly before the Court, for the reasons set forth herein, Defendants are entitled to summary judgment.

against Defendant Chiumento: (1) § 1983 excessive force; (2) § 1983 false arrest; (3) § 1983 false imprisonment; and (4) common law assault and battery; and one claim against Defendant D'Amico: (1) "violation of procedural due process" pursuant to § 1983. (Dkt No. 35)[5]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id.

"[W]hen a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (citing Fed. R. Civ. P. 56(e)). In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New

---

[5] Caronte also "concedes" his assault and battery claim against Defendant D'Amico. (Dkt No. 35) Accordingly, summary judgment will be granted to Defendant D'Amico on this claim.

6

Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord, Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment.")). Failure to sustain this burden will result in entry of judgment for the moving party.

The same basic legal analysis applies when a summary judgment motion is unopposed, Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168 (3d Cir. 1990), however, the material facts put forth by the movant are deemed undisputed pursuant to L. Civ. R. 56.1(a) ("any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

**III. ANALYSIS**

**A. § 1983 false arrest and false imprisonment against Defendant Chiumento**

The absence of probable cause is a necessary element of both a false arrest and a false imprisonment claim under § 1983. Berry v. Kabacinski, 704 F. App'x 71, 73 (3d Cir. 2017) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634, 636 (3d Cir. 1995)). In determining whether probable cause existed at the time of the arrest, courts must objectively assess whether, at the time of the arrest and based upon the facts known to the officer, probable cause existed "as to any offense that could be charged under the circumstances." Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005) (quoting Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994)).

7

Defendants' facts, which are deemed undisputed for the purposes of this motion, establish that Defendant Chiumento had probable cause to believe that Caronte had committed the offense of obstruction of justice. Under New Jersey law, "[a] person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act." N.J.S.A. 2C:29-1. This Court has previously held that, to support an obstruction of justice charge, "defendant must have affirmatively done something to physically interfere or place an obstacle to prevent the police from performing an official function." Batiz v. Detullio, No. CV 12-581 (RMB/AMD), 2016 WL 299198, at *2 (D.N.J. Jan. 25, 2016) (citing State v. Camillo, 382 N.J. Super. 113, 121-22 (App. Div. 2005); State v. Berlow, 284 N.J. Super. 356, 360 (App. Div. 1995)).[6] The physical act may include "failure to follow instructions of an officer," or "fail[ing] to engage in some physical conduct that causes interference;" "physical contact" is not required. Id. at *2-3. The undisputed facts state that Caronte refused Chiumento's "commands to exit [the] vehicle" "at

---

[6] Aff'd on other grounds by Batiz v. Brown, 676 F. App'x 138 (3d Cir. 2017).

8

least two or three [times]" during the course of Chiumento's attempts to investigate a reported road rage incident. (SMF ¶ 4) Such failures to follow Defendant Chuimento's instructions established probable cause for obstruction of justice.

Caronte, having filed no opposition, of course, has put forth no facts from which a jury could find otherwise.[7] Accordingly, the Court holds that Caronte has failed to demonstrate a constitutional violation as to the § 1983 false arrest and false imprisonment claims, and therefore Defendant Chiumento is entitled to summary judgment on those claims. See Pearson v. Callahan, 555 U.S. 223, 232 (2009) (The qualified immunity analysis first considers whether there was a constitutional violation and, if so, whether the right violated was clearly established at the time of the misconduct.). The Second Motion for Summary Judgment will be granted as to those claims.

**B. § 1983 excessive force / common law assault and battery against Defendant Chiumento**

The Fourth Amendment permits the use of "reasonable" force. Graham v. Connor, 490 U.S. 386, 396 (1989). "[E]ach case alleging excessive force must be evaluated under the totality of the

---

[7] Indeed, Caronte testified at his deposition, portions of which transcript are attached to Defendants' motion, "[Chiumento] says where do you work at? I go, it's none of your concern. He says get out of the car. I go, for what? Then I say okay, I'll tell you where I work at. Then he says get out of the car, raised his voice. After two or three times, I get out of the car." (Defs' Ex. C, Caronte Dep. p. 24)

9

circumstances." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997).

Caronte's excessive force claim is based on the allegation that during Caronte's arrest Chiumento "extra tightened the handcuffs" causing a "torn ligament" in Caronte's left wrist. (Dkt No. 1-5, Compl. p. 1) However, the summary judgment record before the Court contains no evidence supporting these allegations because Caronte has filed no opposition. Thus, Caronte has not sustained his summary judgment burden to "point to concrete evidence in the record" and his mere allegations do not suffice at this stage of the case. Orsatti, 71 F.3d at 484.

Accordingly, the Court holds that Caronte has failed to demonstrate a constitutional violation as to the § 1983 excessive force claim, and therefore Defendant Chiumento is entitled to summary judgment as to that claim. The Second Motion for Summary Judgment will be granted as to that claim.

Additionally, summary judgment will be granted as to the assault and battery claim because that claim is based on the same unsupported factual allegations. (Dkt No. 11-4, "Third Amended Complaint"[8], ¶ 9)

**C. § 1983 due process claim against Defendant D'Amico**

Caronte's due process claim is based on the allegation that

---

[8] See *supra* note 4.

Defendant D'Amico "refused to show a line [sic] of all the police officers working the day shift so that [Caronte] c[ould] identify" the other two officers who allegedly participated with Chiumento in effectuating Caronte's arrest. (Dkt No. 11-4, p. 8).

Like the claims discussed *supra* at section B, this claim has no evidentiary support in the summary judgment record before the Court because Caronte has failed to file opposition. Accordingly, the Court holds that Caronte has failed to demonstrate a constitutional violation as to the § 1983 due process claim, and therefore Defendant D'Amico is entitled to summary judgment as to that claim. The Second Motion for Summary Judgment will be granted as to that claim.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Second Motion for Summary Judgment will be granted. An appropriate Order shall issue on this date.

Dated: March 2, 2018

s/ Renée Marie Bumb
_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE