[Dkt. No. 53]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL A. CARONTE,<br><br>    Plaintiff,<br><br>  v.<br><br>LT. ALBERT CHIUMENTO #3522;<br>LT. DAVID AMICO<br><br>    Defendants. | Civil No. 15-01828(RMB/KMW)<br><br>**OPINION** |

**APPEARANCES:**

By: Daniel B. Zonies, Esq.
1011 Evesham Road
Voorhees, NJ 08043
    Counsel for Plaintiff Michael Caronte

REYNOLDS & HORN, P.C.
By: Thomas B. Reynolds; John J. Bannan
750 Route 73 South, Suite 202 A
Marlton, NJ 08053
    Counsel for Defendants Lt. Albert Chiumento and Lt.
    David D'Amico

**RENÉE MARIE BUMB**, United States District Judge:

    In an Opinion and Order dated March 2, 2018, the Court granted Defendants' summary judgment motion. [Dkt. No. 46] Plaintiff Michael Caronte filed no opposition to that motion.

1

Plaintiff, apparently proceeding *pro se*[1], presently moves to reopen the case pursuant to Fed. R. Civ. P. 60. For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE.**

I.  **BACKGROUND**

Plaintiff seeks to reopen this case thirteen months after the Court's Opinion and Order on Defendants' Motion for Summary Judgment were issued. [Dkt. No. 50]. Plaintiff's one-page submission asserts that his former attorney, Daniel Zonies, committed malpractice when he "didn't even bother to tell [Plaintiff] that this case was dismissed." [Id.] Defendants oppose the motion, arguing that it is untimely and that "Plaintiff has presented no evidence to support a finding that the Court's decision [on the merits of the summary judgment motion] was erroneous." [Dkt. No. 52].

II. **LEGAL STANDARD**

Rule 60(b) permits a party to seek relief from a final judgment for the following limited reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

---

[1] The docket reflects that Plaintiff is represented by Daniel Zonies, Esq. However, Plaintiff, in his letter asking the Court to reopen this case, refers to Mr. Zonies as his "former attorney." [Dkt. No. 50]

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In addition, pursuant to subsection (c)(1), a motion "must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment of order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); See also United States v. Fiorelli, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

The District Court has "sound discretion" to grant or deny relief pursuant to Rule 60(b), "guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 648 (3d Cir. 1981). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." Mendez v. Sullivan, 488 F. App'x 566, 568 (3d Cir. 2012) (per curium) (citing Saawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

With respect to Rule 60(b)(6), which acts as a catch-all provision, the Third Circuit requires that "[a] court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues already considered and decided." Weber v. Pierce, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted).

III. **DISCUSSION**

To the extent Plaintiff seeks relief under Rule 60(b)(1) through (3), the Court agrees with Defendants that Plaintiff's application is time-barred. Such applications must be made within one year; Plaintiff's motion was filed 13 months after the final judgment in this case.

Thus, the Court construes Plaintiff's application as a motion for relief pursuant to Rule 60(b)(6)[2], which permits a District Court to exercise its discretion to set aside a final judgement for "any other reason that justifies relief." However, the Third Circuit has stated that a party seeking relief under Rule 60(b)(6) "must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." Budget Blings, Inc. v. White, 536 F.3d 244, 255 (3d

---

[2] Nothing in Plaintiff's application suggests that Rule 60(b)(4) or (5) applies.

4

Cir. 2008). A party must show that "without relief from the judgment, an 'extreme' and 'unexpected' hardship will result." Id.

Plaintiff argues his counsel committed legal malpractice because his counsel "didn't even bother to tell [him] that this case was dismissed." [Dkt. No. 50].[3] Liberally construed, Plaintiff also appears to assert that had Mr. Zonies done his job properly, Mr. Zonies would have submitted evidence in opposition to the Motion for Summary Judgment that could have changed the Court's disposition of the motion.

Plaintiff's one-page letter submission does not provide the Court with sufficient details or evidence to allow the Court to determine whether relief is warranted under Fed. R. Civ. P. 60(b)(6). Accordingly, the motion is denied without prejudice.

**IV. CONCLUSION**

---

[3] To the extent Plaintiff may seek to reopen this case in order to pursue a legal malpractice claim against Mr. Zonies, that claim may not be litigated in this case because the alleged legal malpractice does not arise out of the same set of facts as this case, in which Plaintiff alleged constitutional claims pursuant to 42 U.S.C. § 1983 arising out of his arrest on arrest on May 3, 2013. Even if Plaintiff were to file a new complaint with this Court, it would appear that the Court would lack subject matter jurisdiction over any separately filed malpractice suit, as legal malpractice is a claim arising under state (rather than federal) law, and diversity of citizenship appears to be lacking.

5

For the reasons stated herein, Plaintiff's Motion to Reopen is **DENIED WITHOUT PREJUDICE.** The shall case remain dismissed with prejudice. An appropriate order accompanies this opinion.

DATED: October 30, 2019

s/Renée Marie Bumb\_\_\_
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE